UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JUANITA MULLINS, Individually, and )
 as Executor of the Estate of )
Daniel V. Mullins, Deceased )
 ) No. 2:04-CV-375
V. ) District Judge Greer
 ) Magistrate Judge Inman
WELLMONT HEALTH SYSTEM, )
d/b/a, ET AL. )

O R D E R

This is a medical malpractice action. Plaintiff has filed a motion to amend her complaint by adding a new party defendant, George Daniel Gonzales, M.D. [Doc. 60]. The defendants, Surgical Associates of Kingsport, Inc., John Albert Ehrenfried, M.D., and Michael D. Boggan, M.D., vigorously resist the amendment.[1] Normally, a motion to amend is a rather straightforward, even perfunctory, motion. This one is not.

The original complaint was filed on October 12, 2004, in which were named ten defendants (including three "John Does"). That complaint alleged that plaintiff's decedent underwent surgery at Wellmont Hospital on January 8, 2004, to remove a benign lipoma in the upper part of the decedent's stomach. The surgery was performed, according to the original complaint, by the defendant Ehrenfried, M.D., who was assisted by the defendant Boggan, M.D. The original complaint alleged that Ehrenfried negligently lacerated the deceased's gastric artery, resulting in extensive

---

[1] See, Doc. 65.

post-operative bleeding into the stomach. The complaint charged the remaining defendants with negligently failing to appropriately monitor the deceased's condition and his symptoms.

Mr. Mullins died on October 31, 2004, and an amended complaint was filed on December 16, 2004, which revived Mr. Mullins' suit in the name of his executor and which also deleted some parties and added others.

The pending motion to file a second amended complaint, by which plaintiff proposes to add Dr. Gonzales as a new defendant, was filed on December 6, 2005. Under Rule 15 of the Federal Rules of Civil Procedure, permission to amend a pleading "shall be freely given when justice so requires." However, amending a pleading to add a new defendant need not be granted if the proposed amendment would be an exercise in futility. *See, Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether a proposed amendment is "futile" is determined, not by whether the amendment ultimately would be dismissed upon a motion for summary judgment, but rather by determining if it could withstand a motion to dismiss under Fed.R.Civ.P. 12(b)(6), which of course is "failure to state a claim for which relief can be granted":

> The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss.

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

In Tennessee, the statute of limitations for medical malpractice actions, Tenn.

Code Ann. § 29-26-116, provides that medical malpractice actions shall be filed within one year after the cause of action accrued, and a cause of action "accrues" on the date of the injury[2] or, in the event the injury is not discovered within that one-year period, the one-year period of limitation begins to run from the date of the *discovery* of the injury.[3]

Mr. Mullins' injury could be said to have occurred on either of two dates: his surgery was performed on January 8, 2004, at which time it is alleged that Drs. Ehrenfried and Boggan negligently lacerated the gastric artery, or on January 10, 2004, when Mr. Mullins underwent another surgery to repair that laceration. Thus, the earliest the one-year statute of limitations could have begun running was January 8, 2004, and the latest was January 10, 2004. Similarly, the statute of limitations would have expired, at the latest, on January 10, 2005. Plaintiff's motion to add Dr. Gonzalez as a defendant was filed on December 6, 2005, eleven months after the one-year statute of limitations had run, and nearly two years after Mr. Mullins' injury.

In her motion to amend, plaintiff says only this:

> Although more than a year has passed since the alleged acts
> and/or omissions of Dr. Gonzalez that form the basis of
> plaintiffs' allegations of fault against him, plaintiffs did not
> discover that Daniel Mullins had been injured due to Dr.
> Gonzalez's negligence until his deposition was taken on
> November 7, 2005, and this motion is made within a year of that

---

[2]*See*, Tenn. Code Ann. § 28-3-104(b)(1).

[3]*See,* Tenn. Code Ann. § 29-26-116(a)(2).

3

discovery.

Motion, Doc. 60.

The proposed second amended complaint, with respect to Dr. Gonzales, makes the following allegations:

(1) After his surgery on January 8, 2004, Mr. Mullins was agitated and had swelling;

(2) No responsible person appreciated the significance of these symptoms;

(3) The symptoms persisted, and on January 10, 2004, because Mr. Mullins was manifesting low blood pressure, he was examined by Dr. Mejia, a surgical resident who was supervised by Dr. Gonzalez;[4]

(4) Dr. Mejia reported his findings to Dr. Gonzalez at approximately 7:00 a.m. on January 10, 2004;

(5) Dr. Gonzalez performed a repeat surgical operation at approximately 3:00 p.m. on January 10, 2004, finding the lacerated gastric artery and repairing it;

(6) Dr. Mejia was negligent in his diagnosis and treatment of Mr. Mullins by failing to properly monitor and/or treatment Mr. Mullins;

(7) Dr. Gonzalez was negligent by (a) negligently supervising Dr. Mejia, (b) failing to recognize the seriousness of Mr. Mullins' condition, and (c) delaying surgical intervention for seven or eight hours.

The proposed amended complaint says nothing about the plaintiff's failure to file suit against Dr. Gonzales within the one-year statute of limitations. The *motion* itself says only that "plaintiffs did not discover . . . Gonzalez's negligence until his

---

[4]Dr. Mejia was previously a party to this suit, but was dismissed on plaintiff's motion. *See,* Docs. 20 and 21. Plaintiff apparently is pursuing an administrative claim against Dr. Mejia.

4

deposition was taken on November 7, 2005 . . . ." The brief filed in support of the motion to amend contains only that identical statement.

With respect to the "discovery rule" in malpractice cases, the Tennessee Supreme Court has held:

> This Court has interpreted Tenn. Code Ann. § 29-26-116(a)(2) to mean that the statute of limitations commences to run when the patient "discovered, or reasonably should have discovered, (1) the occasion, the manner, and the means by which a breach of duty occurred that produced [the patient's] injury; and (2) the identity of the defendant who breached the duty." [Citations omitted].

*Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1988).

Returning now to the issue before this Court, *viz.*, whether plaintiff's motion to add Gonzales as a defendant should be granted, this Court must decide if the proposed complaint is futile. To decide that question, it must be determined whether any malpractice suit against Dr. Gonzales is barred by the one-year statute of limitations. And in that regard, this Court must decide if the proposed amended complaint could withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6).

As a preliminary matter, it is proper to raise the defense of the statute of limitations by a Rule 12(b)(6) motion to dismiss; the cases are legion that so hold. *See, e.g., Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978); *see, also, Gibson v. American Bankers Inc. Co.*, 91 F.Supp.2d 1037, 1040 (E.D. Ky. 2000). Therefore, since the statute of limitations is an appropriate matter to be raised by a Rule 12(b)(6) motion, the question of "futility" must be considered in light of the rather

5

obvious issue regarding the statute of limitations.

When a motion to dismiss under Rule 12(b)(6) has been made, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true." *Gibson, supra*, at 1040. If the allegations of the complaint state no cognizable cause of action, or if the complaint itself reveals that "there is an insurmountable bar to relief indicating that the plaintiff does not have a claim," then a Rule 12(b)(6) motion should be granted. *Id.* If the complaint otherwise states a valid cause of action, e.g., a claim of medical negligence, but also "includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim . . . the complaint is said to have a built-in defense and is essentially self-defeating." *Id.*[5] If the complaint itself reflects that the suit is filed outside the statute of limitations, then such constitutes an "insurmountable bar to relief." *Id.*

Plaintiff's proposed amended complaint shows on its face that it was filed almost two years after the date of Mr. Mullins' injury, and eleven months after the running of the statute of limitations. Plaintiff can avoid the bar of the statute of limitations only by pleading and proving facts that would bring the belated suit against Dr. Gonzalez within Tenn. Code Ann. § 29-26-116(a)(2), the so-called "discovery rule." But the complaint is utterly silent in that regard. Even if the motion to amend should be considered as a

---

[5]Citing *Painesville, Ohio v. First Montauk Financial Corp.*, 178 F.R.D. 180, 193 (N.D. Ohio 1998).

"supplement" to the proposed complaint, neither is that of any help; plaintiff merely states that she did not discover that Mr. Mullins had been injured due to Gonzalez's negligence until his deposition was taken. That statement falls infinitely short of arguably demonstrating that plaintiff used reasonable care and diligence in ascertaining against whom the suit should be filed.

By the motion to amend, the plaintiff has submitted to the Court a proposed amended complaint, and that amended complaint would be immediately subject to a Rule 12(b)(6) motion to dismiss based upon the facts stated within it and running of the statute of limitations. If filed, this amended complaint inevitably would be dismissed under Rule 12(b)(6). In other words, filing the complaint would be futile.

The motion to amend is DENIED.

SO ORDERED:

        s/   Dennis H. Inman
United States Magistrate Judge

7

Case 2:04-cv-00375   Document 66   Filed 12/22/05   Page 7 of 7   PageID #: 43