UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JUANITA MULLINS, Individually, and as Executor of the Estate of Daniel V. Mullins, Deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WELLMONT HEALTH SYSTEM, et al., )<br>)<br>Defendants. ) | No. 2:04-CV-375<br>(GREER/INMAN) |

## **MEMORANDUM AND ORDER**

This matter came before the Court on September 18, 2006 for a telephone hearing on the Motion To Quash Plaintiff's Notice Of Deposition [Doc. 98] filed on September 15, 2006. Attorneys J.D. Lee and Travis Venable represented the plaintiff. Attorney Jimmie Miller represented the movants, Surgical Associates of Kingsport, Inc., John Albert Ehrenfried, M.D., and Michael D. Boggan, M.D.

On September 13, 2006, the plaintiff filed a Notice of Deposition [Doc. 95], stating the intent to take a Rule 30(b)(6) deposition of Surgical Associates of Kingsport, Inc., on September 21, 2006. The Notice states that the designated deponent(s) shall be someone "who can testify on behalf of Surgical Associates of Kingsport, Inc. with knowledge of the organization and who knew of the filing of this lawsuit at the time that it was filed and that suit was filed against Drs. Ehrenfried and Boggan and Surgical Associates of Kingsport, Inc."

The movants argue that District Judge Greer denied an earlier motion to extend the discovery cut-off, which was September 1, 2006, to September 30, 2006 [Doc. 85]. Judge Greer also ordered [Doc. 59] that all Motions in Limine shall be filed no later than September 11, 2006, and

further, that no depositions are to be taken after that date [Doc. 53]. Therefore, the deposition now sought by the plaintiff would be 20 days after the discovery cut-off and 10 days after the Motions in Limine deadline.

The movants also argue that Drs. Ehrenfried and Boggan have given depositions as to the corporate structure of Surgical Associates of Kingsport, Inc. Finally, movants suggest that the plaintiff is attempting to expand the lawsuit by identifying another possible defendant, even though the statute of limitations has run.

The plaintiff argues that she wants to take a Rule 30(b)(6) deposition to ask about a resident doctor working under the supervision of the Surgical Group of Kingsport, Inc.

The Court finds that the prior Orders of District Judge Greer [Docs. 53, 59 and 85] are quite clear on the discovery cut-off to be imposed. This Court is bound to enforce those deadlines. The plaintiff's Notice of Deposition [Doc. 95] is in violation of those prior orders, and accordingly, the Motion to Quash [Doc. 98] is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton    
United States Magistrate Judge